# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

VANESSA BRAND,

                                                  CASE NO.:   6:22-cv-00946-RBD-DCI

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## DEFENDANT, WAL-MART STORES EAST, LP'S MOTION FOR FINAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Defendant, Wal-Mart Stores East, LP, (hereinafter referred to as "Wal-Mart" or "Defendant"), by and through its undersigned counsel and pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, moves this Court for summary judgment in its favor and states:

### PRELIMINARY STATEMENT

This negligence action is ripe for summary judgment. Plaintiff, Vanessa Brand sued Wal-Mart asserting one count of premises liability for negligence. Plaintiff claims she slipped on a foreign transitory substance while shopping at Wal-Mart. However, there is nothing in the record to show Wal-Mart, as a matter

of law, knew or created the condition or should have known of any substance on the floor where Plaintiff slipped. Plaintiff, therefore, cannot meet her burden of proving Wal-Mart had actual or constructive notice of any dangerous or hazardous condition, which is critical to this case. Accordingly, Wal-Mart is entitled to summary judgment.

## MEMORANDUM OF LAW

### I.     Summary judgment standard

The standard of review which must be applied by the Court is contained in Rule 56(c) of the Federal Rules of Civil Procedure, which reads, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the Court held that Summary judgment should be entered against:

> "[A] party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial, the moving party is entitled to judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." (citations and internal quotes omitted.)

If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, in this case, the Plaintiff. The plaintiff is then required to come forward with sufficient evidence to rebut the showing with affidavits or other relevant and admissible evidence. *See* Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.), *cert denied*, 112 S. Ct. 913 (1992). It is the non-moving party's burden to come forward with evidence on each essential element of this claim sufficient to sustain a jury verdict. *See* Early v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990); *see also* Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) [Plaintiff must produce specific facts showing that there is a genuine issue for trial.].

**II.     Brand cannot establish a negligence case against Wal-Mart.**

As demonstrated by her deposition testimony, customer incident report, sworn answers to interrogatories, including other evidence in the record, Brand cannot establish that any act or omission by Wal-Mart caused her to slip.

The Eleventh Circuit Court of Appeals has observed that "the elements of a negligence claim under Florida law are: (1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." Zivojinovich v. Barner, 525 F.3d

1059 (11th Cir. 2008) *citing* Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla. 2003). However, negligence may not be inferred from the mere happening of an accident. *See* Winn Dixie v. White, 675 So.2d 702 (Fla. 4th DCA 1996). *See also* Las Olas Holding Co. v. Demella, 228 So. 3d 97, 102 (Fla. 4th DCA 2017.

In the context of premises liability, Florida's appellate courts have also observed that "generally, a business owner owes two duties to an invitee: (1) the duty to use reasonable care in maintaining the property in a reasonably safe condition; and (2) the duty to warn of latent or concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care." *See* Brookie v. Winn-Dixie Stores, 213 So. 3d. 1129, 1131 (Fla. 1st DCA 2017); Dampier v. Morgan Tire & Auto, LLC, 82 So.3d 204 (Fla. 5th DCA 2012) *citing* Aaron v. Palatka Mall, L.L.C., 908 So.2d 574, 577 (Fla. 5th DCA 2005; Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 320 (Fla. 2001) (holding that owners and operators of businesses open to the pubic have to exercise reasonable care to maintain their premises in a reasonably safe condition).

In the instant case, Plaintiff, Brand's status as an invitee on the day and time of the alleged incident is not being contested. Based on Plaintiff's allegation of slipping on a wet floor, Plaintiff's cause of action triggers Florida Statute, §768.0755, titled "Premises liability for transitory foreign substances in a business

establishment."[1] Section 768.0755 provides that a person who slips and falls on a transitory substance in a business establishment must "prove that the business establishment had actual or constructive knowledge of the *dangerous condition* and should have taken action to remedy it." (***emphasis added***)  A plaintiff may prove a business establishment has constructive knowledge by circumstantial evidence showing that:

> (a)   The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b)   The condition occurred with regularity and was therefore foreseeable.

As outlined above, it is important to note that Florida Statute, §768.0755 does not create strict liability for slips on transitory substances, and negligence cannot be adduced from the mere happening of an accident alone.  *See* <u>Winn-Dixie Stores, Inc. v. Marcotte</u>, 553 So.2d 213, 214 (Fla. 5th DCA 1989) ("An entity in the actual possession and control of premises, such as a supermarket, to which members of the public are invited, is not an insurer of the safety of such persons..."*). See also* <u>Winn Dixie Stores, Inc. v. White</u>, 675 So. 2d 702, 703 (Fla. 4th DCA 1996). "[T]he right to recover in a slip and fall case requires more than a

---

[1] A federal court sitting in diversity applies the substantive law of the state in which the case arose. *See* <u>Pendergast v. Sprint Nextel Corp.</u>, 592 F.3d 1119, 1132-33 (11th Cir. 2010). Ms. Brand's' negligence claim arises from alleged injuries sustained at a Wal-Mart store in Florida. (*See* D.E. 1-7, Compl. at ¶8). Thus, the substantive law of Florida governs this action.

showing simply that the surface upon which the injured fell was slick, smooth or wet." Williams v. Holland, 205 So. 2d 682 (Fla. 1st DCA 1968).

The undisputed material facts in the instant case clearly demonstrate that the premises were maintained in a reasonably safe condition and that no duty to Plaintiff Brand was breached. Accordingly, there is insufficient record evidence to demonstrate that either the alleged condition was known to Wal-Mart (actual knowledge) or was present for such a period of time so as to impute constructive notice to Walmart or, alternatively, that the alleged dangerous condition (water on the floor in the produce department allegedly causing a slip hazard) occurred with sufficient regularity to make Plaintiff's incident foreseeable. Even when the record evidence in the instant matter is viewed in the light most favorable to Plaintiff, she cannot meet her burden of proof to establish Wal-Mart had actual or constructive notice of an alleged dangerous condition.

Plaintiff Brand here can present no competent evidence that any Wal-Mart employee knew (i.e., actual knowledge) or should have known (i.e., constructive knowledge) of a dangerous condition in the area of his incident before the incident occurred. Significantly, there is no record evidence that any Wal-Mart employee was aware of any alleged dangerous condition in the area of Plaintiff's incident prior to its occurrence.

Thus, the undisputed material facts confirm that there exists no genuine issue of material fact as to either actual or constructive notice to Defendant Wal-Mart. Accordingly, Defendant Wal-Mart is entitled to summary judgment as a matter of law.

### A. Wal-Mart did not have actual knowledge of an alleged dangerous condition prior to Brand's incident

The record lacks evidence sufficient to raise a genuine dispute of material fact regarding Wal-Mart's actual notice of the allegedly dangerous condition. An owner has actual knowledge of a dangerous condition when the owner or one of its agents knows or creates the dangerous condition. *See* Barbour v. Brinker Florida, Inc., 801 So.2d 953, 957 (Fla. 5th DCA 2001). As such, Wal-Mart cannot be held liable on the theory of negligence simply because Plaintiff BRAND allegedly slipped on an "inch or so" of water in the produce department of the subject store. *See* Winn Dixie v. White, 675 So.2d 702 (Fla. 4th DCA 1996) (holding that negligence "may not be inferred from the mere happening of an accident alone"); *see also* Winn-Dixie Stores v. Mazzie, 707 So.2d 927 (Fla. 5th DCA 1998) (granting summary judgment in the defendant's favor where the plaintiff did not see the source of the substance before the incident and the plaintiff did not know how long the substance had been on the floor. Plaintiff testified that

Furthermore, there is no record evidence that water alone on the floor in the produce section is either unreasonably dangerous and/or considered a latent concealed danger. It is undisputed that before Plaintiff's' slip, no Wal-Mart employee knew of an allegedly dangerous condition in the area of Plaintiff's incident.

From the record evidence, Plaintiff Brand is unable to establish actual notice to Wal-Mart as a matter of law. In support thereof, Plaintiff testified that no Wal-Mart employee ever admitted to Plaintiff that they knew there was water on the floor before she fell. *See* Statement of Material Facts at ¶ 8. Furthermore, Plaintiff testified that she did not see any Wal-Mart employee spill or drop any water on the floor before she fell. Id. at ¶ 9. Plaintiff also testified that she did not see any warning signs or cones on the floor. Id. at ¶ 13.

In sum, there is no record evidence that any Wal-Mart associate actually knew of the presence of the alleged dangerous condition prior to Plaintiff's incident. There is also no dispute that Wal-Mart did not have actual knowledge of the condition by virtue of any evidence that a Wal-Mart employee knew it was there prior to the incident.

Without competent admissible evidence that Wal-Mart caused the water to be present on the floor or knew of its presence prior to Brand's incident, Brand has failed to demonstrate Wal-Mart had actual knowledge of the alleged condition

which caused her incident. Thus, without actual notice, Plaintiff's only means to meet the requirements of Section 768.0755 would be to demonstrate Wal-Mart had constructive notice of the allegedly dangerous condition prior to his slip. Likewise, she is similarly unable to demonstrate constructive notice of the same.

> **B. Wal-Mart did not have constructive notice of an alleged dangerous condition**

In the absence of evidence of actual knowledge, it is incumbent on Plaintiff to come forward with circumstantial evidence that Wal-Mart, in the exercise of ordinary caution, should have known of a dangerous condition. In this case, however, the record evidence establishes as a matter of law, Plaintiff is unable to establish a genuine issue of material fact on the issue of constructive notice.

Courts routinely grant summary judgment for the defendant when record evidence shows the plaintiff did not know how the substance came to be on the floor, where the substance came from, how long the substance was on the floor, or whether any employee knew the substance was on the floor before the fall. *E.g., Donnelly v. Wal-Mart Stores East., LP*, 844 F. App'x 164 (11th Cir. 2021); *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007 (11th Cir. 2019); *Pussinen v. Target Corp.*, 731 F. App'x 936 (11th Cir. 2018); *see also Berbridge v. Sam's E., Inc.*, 728 F. App'x 929 (11th Cir. 2018); *Broz v. Winn-Dixie Stores, Inc.*, 546 So. 2d 83 (Fla. 3d DCA 1989), *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126 (Fla. 4th DCA 2020).

In *Palavicini*, for example, the plaintiff claimed a Wal-Mart employee told her that an AC unit was leaking after she fell in Wal-Mart's store. *Id.* at 1009. The court, however, concluded that this alleged after-the-fact comment by an unidentified Wal-Mart employee did not serve to place Wal-Mart on notice of the transitory foreign substance. *Id.* at 1014.

Specifically, plaintiff Evelyn Palavicini claimed she slipped and fell on liquid on the floor of a Wal-Mart store. She did not know when the liquid got on the floor but alleged an unidentified female employee told her that an air conditioning vent might have been leaking for one week before the incident. *Id.* at 1009. She sued Wal-Mart alleging it negligently failed to maintain its property in a reasonably safe manner or to warn her of the dangerous condition posed by the liquid. Id. Wal-Mart moved for summary judgment, and the district court granted the motion. Id. The court held that Palavicini failed to provide sufficient evidence to support a reasonable inference that Wal-Mart had constructive notice of the liquid on the floor. *Id.* Palavicini appealed.

On appeal, Wal-Mart presented the analysis that the district court correctly concluded Palavicini could not meet her burden of proof to establish Wal-Mart had actual or constructive notice of the transitory substance that cause her to slip or of an active leak from the ceiling or AC vent before the accident. *Id.* at 1011-15. Ms. Palavicini presented no competent evidence Wal-Mart knew of the substance

before her incident. *Id.* at 1012. The record evidence showed she did not see the liquid before slipping in it, had no knowledge of the condition of the liquid before it got on the floor, did not know how long it had been there before she fell, did not know how it got there, and did not know of any Wal-Mart employees being aware of its presence before her fall. *Id.* As a result, Palavicini could not, as a matter of law, establish a prima facie case under section 768.0755.

From the record evidence, Plaintiff Brand is unable to establish constructive notice to Wal-Mart as a matter of law. In support thereof, Plaintiff in interrogatory No. 22 stated that it was "unknown" to her whether Defendant Wal-Mart was negligent in maintaining the premises where the alleged and/or dangerous condition existed. *See* Statement of Material Facts at ¶5. Second, Plaintiff in interrogatory No. 23 stated it was "unknown" to her the length of time the alleged defective condition and/or negligence maintenance by Defendant Wal-Mart existed before the incident. Id. at ¶6. Third, Plaintiff in interrogatory No. 24 stated that it was "unknown" to her if Defendant Wal-Mart knew of the condition and all facts which would tend to show that Wal-Mart knew or should have known of the condition. Id. at ¶7. Fourth, Plaintiff did not know how long the water was on the floor before she fell. Id. at ¶10. Fifth, Plaintiff did not see any employees in the area just before she fell. Id. at ¶12. Sixth, Plaintiff did not see any track marks from shopping carts at the time of the incident. Id. at ¶15. Seventh, Plaintiff did not see any warning signs and/or cones on the floor at the time of the incident. Id. at ¶13. Finally, Plaintiff testified that the water was "clear". Id. at ¶14.

Plaintiff Brand has absolutely no idea how long the alleged condition was present. *See* McCarthy v. Broward College, 164 So.3d 78 (Fla. 4th DCA 2015) (affirming summary judgment for the defendant where there was no evidence of how long the substance was on the floor before the fall); *see also* Walker v. Winn–Dixie Stores, Inc., 160 So.3d 909 (Fla. 1st DCA 2014) (same); *see also* Delgado v. Laundromax, Inc., 65 So.3d 1087 (Fla. 3d DCA 2011) (same). "[T]he right to recover in a slip and fall case requires more than a showing simply that the surface upon which the injured fell was slick, smooth or wet." *Williams v. Holland*, 205 So. 2d 682 (Fla. 1st DCA 1968). The fact that a person slipped and fell does not give rise to a reasonable inference of negligence. *See generally Encarnacion v. Lifemark Hosps. of Florida*, 211 So. 3d 275, 277 (Fla. 3d DCA 2017).

There must be some evidence that suggests either where the substance came from or how long it had existed on the floor before constructive notice is to be established. See *Publix Super Market, Inc. v. Sanchez*, 700 So.2d 405, 406 (Fla. 3d DCA 1997) (a piece of cake was on the floor, but there was no evidence as to how long it had been on the floor).

Here, in the instant matter, after drawing every reasonable inference in favor of the non-moving party Brand, Wal-Mart is entitled to summary judgment as Plaintiff cannot satisfy her burden, based on the record evidence that Wal-Mart had constructive notice of a dangerous condition prior to her incident.

Thus, there is no evidence the water was on the floor for a sufficient length of time to impose constructive knowledge upon Wal-Mart as a matter of law. The

record evidence is further insufficient for a reasonable jury to infer that the water had been on the floor for a sufficient length of time to impute Wal-Mart with constructive knowledge of either its presence or that of a dangerous condition, thus warranting a summary judgment in Wal-Mart's favor.

### C. Plaintiff's Incident was not foreseeable Due to A Lack Of Substantially Similar Incidents.

Alternatively, Plaintiff is likewise unable to demonstrate that the alleged dangerous condition occurred with regularity and is thus unable to prove that the incident was foreseeable so as to meet the burden imposed on Plaintiff by Florida Statute, §768.07555. As such, summary judgment in Wal-Mart's favor is also proper because there is no record evidence that slips and/or falls involving water in the produce section at issue occurred with sufficient regularity to impute constructive notice upon Wal-Mart. *See* Peer v. Home Depot USA, Inc., No. NO. 2:11-cv-14356-KMM, 2012 WL 1453573, at *3 (S.D. Fla. Apr. 26, 2012).

Here, Plaintiff cannot rely on foreseeability to establish constructive notice because she has not adduced evidence of sufficient regularity of substantially similar prior slip and fall incidents at the subject store. *See* Statement of Material Facts at ₱16, ¶19 and Ex. 2, at 82:8-11.

Moreover, floor safety and the prevention of slip and fall incidents on hazardous substances is a priority for Wal-Mart; therefore, employees are trained to, and do, continuously and routinely inspect the store floors to identify and

correct possible unsafe conditions in an effort to keep the store reasonably safe for its customers and other employees. There is no record evidence Wal-Mart failed to adequately maintain the floor of the produce section where Plaintiff's incident occurred. Similarly, there is no evidence Wal-Mart failed to adequately inspect the floor. Therefore, Plaintiff cannot demonstrate that Wal-Mart breached any duty owed her.

In sum, there is no record evidence that the "one-inch or so" of water allegedly causing the fall in the produce department where Plaintiff slipped, occurred with any regularity whatsoever, nor is there sufficient record evidence to support a claim of sufficient regularity to meet the non-moving Plaintiff's burden at summary judgment. Accordingly, Defendant Wal-Mart is entitled to entry of summary judgment in its favor.

Accordingly, even assuming *arguendo*, that the subject water (foreign transitory substance) was present prior to the incident, Wal-Mart clearly breached no duty to warn of an alleged dangerous condition since the mere presence of water on the floor in the produce department, would not be considered, as a matter of law, as a "hidden danger" for which a breach of duty may be charged to Wal-Mart.

## Conclusion

The Plaintiff's claim fails because there is no record evidence to demonstrate that Wal-Mart breached any duty to Plaintiff. Nor is there any evidence Wal-Mart had actual or constructive notice of a dangerous condition in the location of Plaintiff's incident. Thus, Plaintiff cannot prove as a matter of law that Wal-Mart breached any duty to Plaintiff or that Wal-Mart had either actual or constructive notice as a matter of law, as required pursuant to Florida Statutes, §768.0755. Accordingly, Wal-Mart is entitled to final summary judgment in its favor.

Respectfully Submitted,

BY: */s/Frank L. Madia*
FRANK L. MADIA, ESQ.
Florida Bar No: 1022878
D. TERRANCE HILL, ESQ.
Florida Bar No.: 0071971
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
315 E. Robinson Street, Suite 550
Orlando, FL 32801-2719
Telephone:  (407) 420-4393
Facsimile:   (407) 839-3008
FLMadia@mdwcg.com
DTHill@mdwcg.com
EIRobles@mdwcg.com
AKSilverstein@mdwcg.com
*Attorneys for Defendant,*
*WAL-MART STORES EAST, LP*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Brian W. Rush, Esq.
DAN NEWLIN INJURY ATTORNEYS
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Brian.Rush@newlinlaw.com;
Kelyana Chau, Esq.
Kelyana.Chau@newlinlaw.com
*Attorneys for Plaintiff*

                       MARSHALL DENNEHEY

                       BY:  */s/Frank L. Madia*
                              FRANK L. MADIA, ESQ.